UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Michael DeAngelis

   v.                                               Civil No. 06-cv-376-PB

New Hampshire State Prison, et al.

**O R D E R**

Pro se plaintiff Michael DeAngelis has filed an amended complaint, pursuant to 42 U.S.C. § 1983, alleging violations under the First, Eighth and Fourteenth Amendments[1] to the United States Constitution (document nos. 1 and 9). During the course of DeAngelis' incarceration at the New Hampshire State Prison ("NHSP"), defendants allegedly failed to protect him from attack by other inmates, denied him adequate medical care, denied him due process during a disciplinary hearing and retaliated against him for filing administrative grievances.

    Named as defendants are William Wrenn, Commissioner of the New Hampshire Department of Corrections ("NHDOC"), the NHSP and

---

[1] DeAngelis also broadly alleges Sixth Amendment and state law claims but fails to provided any predicate facts in support of those claims. I therefore construe his complaint to allege only claims under the First, Eighth and Fourteenth Amendments.

several NHSP employees.[2]  The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated below, I order DeAngelis to amend his complaint to clarify the denial of due process claim stemming from his disciplinary hearing.

In paragraph 30 of the complaint, DeAngelis alleges that Morin abridged his Fourteenth Amendment right to due process by denying him the opportunity to present witnesses and evidence during a disciplinary hearing.  The complaint is silent as to the precise charges filed against DeAngelis and whether he was subsequently sanctioned or subjected to punitive segregation as a result of the disciplinary hearing.  Accordingly, DeAngelis is ordered to amend his complaint to clarify the factual circumstances surrounding his disciplinary hearing, to explain the nature and disposition of the charges filed against him, to

---

[2] Named as defendants are the following NHSP employees: Bruce Cattell, Warden; Larry Blaisdell, Acting Warden; Robert McLeod, Medical Director; Donna Timulty, Medical Supervisor; nurses Tammy, Brad, Fran, Michelle and Brett Mooney; Robert McGrath, Counselor; Greg Crompton, Deputy Warden; Lucy Bilodeau Unit Manager; and corrections officers Ross Cunningham, Morin, Hickman, Marshall, O'Brien, Burrows, Hogan, S. Howland and Carroll.

identify any sanctions or punishment imposed and to identify any other ensuing harm. He is further ordered to explain how any sanction or punishment imposed was so severe that it was not a typical and reasonably foreseen part of his prison life.

## Conclusion

For the reasons stated above, DeAngelis is ordered to amend his complaint to clarify the factual basis with regard to the denial of due process claim stemming from his disciplinary hearing. DeAngelis should file his amended complaint within twenty (20) days.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: January 26, 2007

cc:   Michael DeAngelis, pro se