UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Michael DeAngelis

   v.                                                             Civil No. 06-cv-376-PB

New Hampshire State Prison, et al.

**O R D E R**

Pro se plaintiff Michael DeAngelis has filed an amended complaint, pursuant to 42 U.S.C. § 1983, alleging violations under the First, Eighth and Fourteenth Amendments to the United States Constitution (document nos. 1, 8-9, 20-21 and 24). Named as defendants are William Wrenn, Commissioner of the New Hampshire Department of Corrections ("NHDOC"), the New Hampshire State Prison ("NHSP") and several NHSP employees.[1]

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon

---

[1] Named as defendants are the following NHSP employees: Bruce Cattell, Warden; Larry Blaisdell, Acting Warden; Greg Crompton, Deputy Warden; Robert McLeod, Medical Director; Donna Timulty, Medical Supervisor; nurses Tammy, Brad, Fran, Michelle and Brett Mooney; Robert McGrath, Counselor; Lucy Bilodeau Unit Manager; corrections officers Ross Cunningham, Morin, Hickman, Marshall, O'Brien, Burrows, Hogan, S. Howland, Carroll and P. Cascio; Jan Moor-Simons, Supervisory Law Librarian; and Becky Harding, Law Librarian.

which relief may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated in the report and recommendation issued simultaneously herewith, I find that DeAngelis has stated the following claims: (1) an Eighth Amendment failure to protect claim against the NHSP, O'Brien, Burrows, Carroll, Hogan, Wrenn, Cattell, Crompton, Cunningham, Howland and the unnamed corrections officers; (2) an Eighth Amendment denial of adequate medical care claim against MacLeod, Michelle, Tammy, Fran, Brad, Timulty, Mooney, O'Brien, Burrows, Carroll and Hogan; and (3) a First and Fourteenth Amendment retaliation claim against Bilodeau, McGrath and Cascio.  I have recommended dismissal of all remaining claims.

As I find that plaintiff has stated a claim upon which relief may be granted, I order the complaint be served on the properly named defendants.  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the report and recommendation and the complaint (document nos. 1, 8-9, 20-21 and 24).  See LR 4.3(d)(2)(C). Within thirty days from receipt of these materials, the AG will

submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or

their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: April 30, 2007

cc:   Michael DeAngelis, pro se